**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ENTRY POINT COMMUNICATIONS, LLC,

      Plaintiff,

vs.

                            Case No. 3:15-cv-1372-J-34PDB

BI-LO HOLDING, LLC, a/k/a BI-LO
HOLDINGS, LLC; BI-LO, LLC; WINN-DIXIE
STORES, INC.; and J.H. HARVEY CO., LLC,

      Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Plaintiff initiated the instant action on March 11, 2015, by filing a five-count Complaint (Doc. 1; Complaint) in the United States District Court for the District of New Jersey. On November 16, 2015, pursuant to Defendant's motion, the New Jersey court transferred the case to the Middle District of Florida. See Order (Doc. 33). Upon review, the Court finds that the Complaint may constitute an impermissible "shotgun pleading." A shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, each subsequent count of the five counts in the Complaint incorporates by reference all allegations of Count

I, a breach of contract action against Defendant Winn-Dixie Stores, Inc. (Winn Dixie). Complaint ¶¶ 103, 115, 124, 130.  The Court is unable to determine why the remaining counts need to incorporate Count I.  Count II is a breach of contract claim against Defendants Bi-Lo Holding, LLC a/k/a Bi-Lo Holdings, LLC, Bi-LO LLC, and J.H. Harvey Co., LLC. Id. at 17.  Count III alleges an alternative specific performance claim against all Defendants, although it is unclear whether this specific performance claim relates to the breach of contract alleged in Count I, the breach of contract alleged in Count II, both, or neither. Id. at 18.  Count IV alleges an alternative promissory estoppel claim against all Defendants. Id. at 19.  Finally, Count V alleges an alternative unjust enrichment claim against all Defendants. Id. at 20.

In the Eleventh Circuit, shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases).  As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." 117 F.3d at 1263.  When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested

to do so by a party's adversary, ought to require the party to file a repleader.")  (citing Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001), abrogated on other grounds as recognized by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151 (11th Cir. 2011)).

Accordingly, it is **ORDERED**:

1. Plaintiff's Complaint (Doc. 1) is **STRICKEN**.

2. Plaintiffs shall file an amended complaint consistent with the directives of this Order on or before **DECEMBER 4, 2015**.  Failure to do so may result in a dismissal of this action.

3. Defendant shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida this 19th day of November, 2015.

MARCIA MORALES HOWARD
United States District Judge

lc20

Copies to:

Counsel of Record